# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 8950 | **DATE** | 7/18/2001 |
| **CASE TITLE** | Miguel Perez vs. Z Frank Oldsmobile, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Perez's petition for attorneys' fees is granted in the amount of $82,800.00, and Perez is ordered to submit proper documentation to support his claim for disbursement type expenses and statutory costs within fourteen days of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 19 2001 | |
| | Notified counsel by telephone. | | date docketed | 279 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | EJ-7 FILED FOR DOCKETING 01 JUL 18 PM 4:20 | deputy initials | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

JUL 1 8 2001

Judge Harry D. Leinenweber
U.S. District Court

MIGUEL PEREZ,

    Plaintiff,

v.

Z FRANK OLDSMOBILE, INC., MOE
POUR d/b/a PORTAGE AUTO, JACK
SADIK, JACK BOWLER,

    Defendants.

Case No. 97 C 8950

Judge Harry D. Leinenweber

DOCKETED

JUL 1 9 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff, Miguel Perez ("Perez"), petitions this court for an award of attorneys' fees and costs. After a jury trial on Perez's claims under the federal odometer statute, 49 U.S.C. §§ 32710(b) and 32705(a), the almost identical Illinois provision, 625 ILCS 5/3-112.1(e), and state tort law, the jury awarded Perez $54,500.00 in compensatory damages and $550,000.00 in punitive damages. This court reduced the compensatory award to $11,500.00 and trebled it to $34,500.00 pursuant to the federal odometer statute. On appeal, the Seventh Circuit held that neither the federal odometer statute nor the Illinois odometer statute authorize punitive damages. The Seventh Circuit reversed the award of punitive damages and remanded the case for a second trial limited to punitive damages for Perez's Illinois tort claims. In addition, the Seventh Circuit vacated the award of attorneys' fees

and costs. Now that the second trial is completed, Perez's attorney, Joseph Longo, has petitioned for attorneys fees' and costs. Z Frank does not dispute that Mr. Longo is entitled to fees and costs, but does dispute the amount.

Previously, the court considered Mr. Longo's documentation indicating that he worked 1,241 hours on this case over a three-year period. Mr. Longo originally stated that his hourly rate was $185, but he later supplemented his petition and raised his requested hourly rate to $225. This court denied Mr. Longo's request to increase his hourly rate, denied almost all of Z Frank's objections to the fees and costs, and awarded Mr. Longo $236,911.00 in fees and $8,513.00 in costs.

The Seventh Circuit vacated the award of attorneys' fees and costs and ordered that the fees and costs be recalculated in light of the final outcome of the case. The Seventh Circuit made two comments regarding the recalculation. First, Judge Easterbrook asserted that the award, which constituted more than 1,200 hours of work at $185 per hour, was "hard to swallow." *Perez v. Z Frank, et al.*, 223 F.3d 617, 625 (7th Cir. 2000). He questioned the amount, stating "[h]ow can a case this simple, which required only three trial days and led to a compensatory award of only $11,500.00 have commanded that investment of resources." 223 F.3d at 625. Second, Judge Easterbrook explained that this court's assumption that the reasonableness of attorneys' fees must be assessed in relation to

the total award including punitive damages was erroneous as only the state and federal odometer tampering statutes authorize an award of attorneys' fees. He commented that "Illinois does not provide for fee shifting in tort cases. Outlays in pursuit of common-law punitive damages therefore must be borne by Perez and may not be shifted to Z Frank." *Id.* at 626.

Now that the second trial is finished, Mr. Longo has filed several motions regarding fees. He moves to recover the full amount of his fees, to increase his hourly billing rate from $185 to $225, and for leave to file his time records for the appeal. The starting point for determining the amount of attorneys' fees is arrived at by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, resulting in the "lodestar figure." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983). District courts should exclude any fees that were not "reasonably expended." *Hensley*, 461 U.S. at 434. Here, where fees are recoverable only for violation of the odometer statute but not for the related state law claims, the courts must "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435.

First, the court finds merit in Mr. Longo's argument that his hourly rate should be increased to $225. Mr. Longo has submitted several affidavits and has pointed to several cases that establish

- 3 -

$225 per hour for an attorney who has been practicing 18 years is the market rate. *See, e.g.,* Exhibits IV, V, and VI to Motion for Upward Adjustment. Further, the delay in Mr. Longo actually receiving the payment and the fact that Z Frank has not objected to increasing the hourly rate further supports the increased hourly rate. Thus, $225 per hour is reasonable in this case.

Second, the court must determine whether the hours that Mr. Longo submitted are reasonable. The fees must reflect reasonable time spent on the litigation. When evaluating whether attorneys' fees are reasonable, the court considers many factors including (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the plaintiff's attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 441, 103 S.Ct. at 1943-44. The most critical factor is the degree of success obtained. *Hensley*, 461 U.S. at 430 fn. 3, 436.

Perez obtained a judgment of $34,500.00. Mr. Longo requests fees for more than 1,200 hours of work amounting to $236,000.00 in

fees, which is about seven times the amount that his client recovered. Attorneys for Z Frank have not submitted their time records and have only provided general objections to Mr. Longo's fee request. Z Frank does complain that the fees are unreasonably high and that the petition includes many duplicative entries as well as clerical time billed as attorney time.

While Perez was the clear winner here, after careful examination of the hours billed by Mr. Longo, the court must find that they are not reasonable. This was not an unduly complex case, it only lasted three trial days, and it was not an undesirable case. The Seventh Circuit has already stated that 1,200 hours is unreasonable for a case of this magnitude. After a careful review of the Mr. Longo's fee request and with particular attention to the Seventh Circuit's instructions on remand, the court finds that the fees in this case must be adjusted downward so that they are reasonable.

Mr. Longo has claimed to have spent more than 97 hours for drafting correspondence, and more than 200 hours for telephone calls. While this case lasted several years, almost three hundred hours of attorney time for correspondence and telephone calls is clearly excessive. The court finds that to be the case, and finds that 50 hours for telephone calls and correspondence is appropriate. Mr. Longo has claimed more than 320 hours for legal research, more than 145 hours for preparing documents, and 195

hours for reviewing his written work and research. While Mr. Longo has briefly described the subject of the numerous hours of legal research, the court finds that more than 320 hours is excessive for a case of this magnitude and complexity and finds that allotting 100 hours of research is appropriate. Mr. Longo is asking this court to bill him out at a rate of an accomplished attorney, and thus 195 hours for reviewing his own work and research is not recoverable. Regarding the 145 hours for preparing documents, the court also finds that number high and reduces it to 50 hours. Mr. Longo has recorded about 91 hours of court time including travel time, which this court finds recoverable, as well as the 6 hours of meetings and 21 hours of deposition time. Mr. Longo lists more than 130 hours for preparing for trial and other court appearances, depositions, meetings, etc. The depositions in this case were limited, and the trial was short. The court finds that 50 hours of preparation work is sufficient. These revised amounts add up to 368 hours, or $82,800.00 in fees.

Next, the court must review whether the amount of attorneys' fees is reasonable in relation to the success and recovery in this case. As the Seventh Circuit clarified, the proper comparison is only to the amount that Perez recovered for violation of the odometer statute, and any money recovered for state law tort claims is not relevant. *Perez*, 223 F.3d at 625-26.

The court finds that $82,800.00 in fees is reasonable for this case, however, because Z Frank launched an aggressive defense and because courts have recognized that awarding attorneys' fees to successful plaintiffs is necessary to encourage the diligent pursuit of claims often involving only a small amount of actual damages. Congress has provided fee shifting in statutes like the federal odometer statute to enhance enforcement of important consumer protection policies. *See, e.g., Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995). The Seventh Circuit specifically has not read *Hensley* to require a trial court to grant attorneys' fees to a prevailing plaintiff in direct proportion to the overall relief obtained. *Rosario v. Livaditis*, 963 F.2d 1013, 1019 (7th Cir. 1992). The Seventh Circuit also has not held that an attorneys' fee award is unreasonable simply because it exceeds by some multiple the amount recovered by the plaintiff. *Connolly v. National School Bus Svc., Inc.*, 177 F.3d 593, 596 (7th Cir. 1999). Further, while fees are only recoverable for the odometer statute, it is very difficult, if not impossible, to determine what percentage of the fees are attributable to the odometer statute and what percentage were attributable to the state law causes of action.

Furthermore, the law on whether Perez could recover punitive damages in addition to treble the compensatory amount on the odometer claims was not settled until the Seventh Circuit clarified

it on appeal. It was apparent from the substantial jury verdict that but for the Seventh Circuit's clarification of the law, Perez's recovery would have been significantly more. This further justifies an award of attorneys' fees several times greater than the actual award.

Next, Mr. Longo seeks both disbursement type expenses as well as statutory costs, though he does not separate the two. The Seventh Circuit has held that litigation expenses that are distinct from statutory costs or the costs of the lawyer's time as reflected in hourly billing rates, like postage, long distance calls, photocopies, travel, paralegals, expert witnesses, etc., are part of reasonable fees. *See, e.g., Heiar v. Crawford County, Wisconsin*, 746 F.2d 1190, 1203 (7th Cir. 1984). Thus, reasonable and properly documented disbursement type expenses are recoverable. Further, under FED. R. CIV. P. 54(d), Mr. Longo is entitled to court fees, court reporter fees, printing and witness fees, exemplification and copying fees, docket fees, and fees for court appointed experts and interpreters. Further, the Seventh Circuit has interpreted the statute to include costs of deposition transcripts and photocopies. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir. 1998). Thus, to award statutory costs, the court must determine that there is statutory authority for the costs and that the costs were both necessary to the litigation and reasonable. *Id.*

Mr. Longo has not provided the requisite information to recover either disbursement type costs or statutory costs. He has not provided sufficient information to the court so that the court can determine whether the costs were reasonable and necessary. For example, regarding photocopies, he simply lists "1997, 1998, 1999 photocopying 2,700 sheets at 12 cents per page $324." Mr. Longo has not demonstrated that this seemingly high number of copies were necessary to the litigation, nor has he demonstrated what an outside print shop would have charged for those copies. Photocopy charges for in-house reproduction may not exceed the charges of an outside print shop. *See Haroco, Inc. v. American Nat'l Bank & Trust Co.*, 38 F.3d 1429, 1441 (7th Cir. 1994). Further, Mr. Longo has submitted pages and pages of faxes, messenger charges, and overnight delivery fees. While postage is a recoverable disbursement, the court is skeptical of the need for messenger service and overnight delivery service. Further, as other courts have found, only the long distance phone charges for faxes are recoverable, not the $1.25 per page rate that Mr. Longo has listed. *See Rotter v. Cambex Corp.*, No. 93 C 4137, 1995 WL 374275, *2 (N.D. Ill. June 21, 1995).

Therefore, the court orders Mr. Longo to submit a revised bill of allowable disbursement type costs explaining why they are reasonable. Further, Mr. Longo is ordered to submit a revised bill of statutory costs under Rule 54(d) that contains only allowable

expenses and an explanation of both the necessity and reasonableness of those expenses. Mr. Longo must supply the court was sufficient information so that the court can make a reasonable determination.

Last, Mr. Longo filed a motion for leave to file his time records for the work he did on appeal arguing that he ultimately prevailed on his claims and is entitled to fees. The Seventh Circuit reversed the award of punitive damages and remanded for a new trial on the state law claims. Perez did not prevail on the most significant issues, and this court, in its discretion, denies Perez's request for fees for the appeal. *See Jannotta v. Subway Sandwich Shops*, 225 F.3d 815, 819 (7th Cir. 2000).

### CONCLUSION

Therefore, for the foregoing reasons, Perez's petition for attorneys' fees is granted in the amount of $82,800.00, and Perez is ordered to submit proper documentation to support his claim for disbursement type expenses and statutory costs within fourteen days of this order.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: July 18, 2001